UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA MAYFIELD,

    Plaintiff,                                   CIVIL ACTION NO. 05-CV-40158-DT

    v.                                        DISTRICT JUDGE PAUL V. GADOLA
                                                  MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be GRANTED, and that of Defendant DENIED, as there was no substantial evidence on the record that claimant remained capable of performing a significant number of unskilled jobs in the economy.

\* \* \*

Plaintiff filed an application for Social Security disability insurance benefits on March 28, 2001, alleging that she had become disabled and unable to work on June 12, 1999, at age 32, due to severe back and neck pain as well as extreme anxiety caused by post traumatic stress syndrome. The claimant subsequently amended her application to request a closed period of disability from June 1999 through February 2004, when she was able to return to work full time. Benefits were denied by the Social Security Administration. A requested de novo hearing was held on July 20, 2004[1], before Administrative Law Judge

---

[1]An earlier hearing was held before Judge Wilenkin on May 6, 2002 (TR 332-366), which resulted in a decision to deny disability benefits (TR 166-167). The Appeals

(ALJ) Michael Wilenkin. The ALJ found that the claimant retained the residual functional capacity to perform a restricted range of sedentary work from June 1999, through February 2004. The ALJ determined that Plaintiff could have performed unskilled work requiring simple, routine tasks in a low stress work environment during the relevant period. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 37 years old at the time of the remanded administrative hearing. She had earned the equivalent of a high school education, and had been employed as a school aide, fast food worker, customer service representative and automobile assembly person (TR 70, 336-339). As a customer service representative, she sat for most of the workday. Plaintiff had to constantly grasp small objects and reach over her head.  She was required to lift less than 10 pounds on a regular basis (TR 71).

Claimant testified that she was disabled as a result of severe back, leg and neck pain stemming from a June 1999, automobile accident (TR 341-343, 377). Between June 1999 and February 2004, the claimant said she was unable to lift more than five pounds, or sit or stand for longer than 15 minutes before needing to change positions (TR 356). Pain medications proved ineffective, and she allegedly had to lie down for several hours each day to get any pain relief (TR 357A). Plaintiff stated that she became depressed and extremely anxious after the car accident (TR 352).  She also experienced repeated nightmares and flashbacks, and was treated for post traumatic stress disorder (TR 375).

---

Council vacated that decision on October 16, 2002, and remanded the action for further administrative consideration of claimant's physical and mental impairments (TR 175-177).

The claimant explained that she was afraid to drive for many years after the accident (TR 87, 375). Despite her back pain, the claimant was able to prepare breakfast meals and perform light household chores (TR 81, 156).

A Vocational Expert, Asa Brown, classified Plaintiff's customer service and assembly work as sedentary to light, unskilled activity (TR 361). The witness testified that there would be no jobs that claimant could perform if her testimony were fully accepted (TR 362),[2] but that if she were capable of sedentary work, there were numerous unskilled sorting, packaging and assembly jobs that she could have performed during the relevant period with minimal vocational adjustment (TR 364). These jobs did not require completing complex tasks, and were performed in low stress work environments (TR 363).

## LAW JUDGE'S DETERMINATION

The Administrative Law Judge found that Plaintiff was impaired as a result of chronic pain and anxiety secondary to a June 1999 automobile accident, but that she never had an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that the claimant's impairments during the relevant period precluded her from stressful jobs requiring the performance of complex tasks. Nevertheless, the ALJ found that, between June 1999 and February 2004, the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert.

---

[2]The VE testified that Plaintiff's alleged need to lie down due to her pain and anxiety would preclude all work activity (TR 362).

**3**

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff maintains she was disabled during the relevant period as a result of radiating back pain and severe anxiety. She contends that the Law Judge did not properly assess her allegations of disabling pain and anxiety. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning

to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience.  42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 416.1505 (2005).

DISCUSSION AND ANALYSIS

I am persuaded that substantial evidence does not exist on the record supporting the Commissioner's conclusion that Plaintiff could perform a significant number of sedentary, unskilled jobs between June 1999 and February 2004. The medical evidence, as a whole, provided objective support for Plaintiff's allegations of severe functional limitations stemming from her multiple impairments during this period of time.

Plaintiff was found to be totally disabled by her long time treating physician. Dr. James Beale, an orthopedic specialist, indicated in April 2001, that the claimant was disabled as a result of severe, chronic back pain (TR 132).  Dr. Beale reported that Plaintiff's back pain prevented her from sitting, standing or walking for prolonged periods. He added that the claimant could not reach above her shoulder, and was unable to do any bending, twisting, stooping or stair climbing.  Dr. Beale opined that Plaintiff needed to be able to sit, stand and lie down at will (TR 132).

The assessment that Plaintiff was totally disabled was shared by other physicians who cared for her during the relevant period. Dr. Ahmad Kafi, a psychiatrist, treated her for severe anxiety attacks immediately following her June 1999, automobile accident.  Dr. Kafi diagnosed Plaintiff with post-traumatic stress disorder and chronic anxiety.  The doctor concluded in August 1999, that Plaintiff was totally disabled as a result of severe anxiety attacks with fear of driving (TR 202). Another psychiatrist, Dr. Mandhu Mendiratta, treated the claimant for depression and anxiety with regular outpatient

psychotherapy and anti-depressive medications through August 2002 (TR 153-155, 309-319).

Dr. F. Qudir, a psychiatrist retained by the Commissioner, noted during his evaluation in June 2001, that Plaintiff's mood remained anxious and that her affect continued to be constricted. Dr. Qudir diagnosed moderate to severe symptoms of post-traumatic stress disorder with ongoing complaints of back and neck pain (TR 156-158). The consulting psychiatrist rated the claimant's Global Assessment of Functioning (GAF) at just 50, indicating the presence of serious mental impairment symptoms potentially affecting her occupational functioning (TR 157).

Defendant concedes that Plaintiff suffers from a variety of medical problems, but maintains that no one condition was sufficiently disabling to prevent substantial gainful employment (See Defendant's Brief in Support of Summary Judgment at pp. 10-13). The ALJ, however, must consider the combined effect of multiple impairments, and cannot consider each of them in isolation. Mowery v. Heckler, 771 F.2d 966, 971 (6th Cir. 1985)("disability may be established by a claimant suffering from a variety of medical problems, no one of which might be sufficiently disabling to prevent substantial gainful employment, but when taken together have that result"). While the ALJ stated that he considered the combined effect of claimant's impairments, an examination of his opinion reveals that Plaintiff's impairments were, in fact, evaluated in piecemeal fashion. I find it beyond dispute that Plaintiff's physical and mental impairments, when considered in combination, significantly limited her ability to perform basic work activities during the relevant period.

It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government, Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980), and are entitled to complete deference where, as here, the clinical findings are uncontradicted by substantial medical or other evidence and the opinions are based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Since Drs. Beale and Kafi offered satisfactory objective clinical evidence of disabling functional limitations stemming from claimant's back pain, mental depression and chronic anxiety, their opinions that Plaintiff was totally disabled should have been given greater weight than those of a state agency reviewing physician, who only evaluated the medical evidence of record without the benefit of a personal examination[3] (TR 106-131). The disability evaluations of these treating physicians were entitled to more deference where, as here, their clinical findings were uncontradicted by substantial medical or other evidence, and were based on detailed, clinical, diagnostic evidence.

In the instant case, the vocational expert stated that Plaintiff could not return to any of her past jobs, or be competitively employed at all, if she needed to lie down for prolonged periods during the day (TR 362). Given Dr. Beale's opinion that Plaintiff needed the option of lying down at will during the relevant period (TR 132), there was no substantial evidence to support the determination that she remained capable of performing a significant number of unskilled jobs in the economy between June 1999 and February 2004.

---

[3]A medical advisor's assessment of what other doctors find cannot serve as the basis for a competent evaluation of residual capacity without a personal examination of the claimant. Any opinion of disability from a nonexamining medical advisor is entitled to little weight if it is contrary to the opinion and clinical findings of the treating physician. Sherrill v. Secretary, 757 F.2d 803, 805 (6th Cir. 1985).

Accordingly, it is recommended that Plaintiff's Motion for Summary Judgment be GRANTED, that of Defendant DENIED, and the instant case be remanded to the Commissioner for a computation of benefits between June 1999, and February 2004, to which claimant is entitled.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981), <u>Thomas v. Arn</u>, 474 U.S. 140 (1985), <u>Howard v. Secretary of HHS</u>, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987), <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the <u>Local Rules of the United States District Court for the Eastern District of Michigan</u>, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limits are extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

<pre>
                                    s/Donald A. Scheer
                                    DONALD A. SCHEER
                                    UNITED STATES MAGISTRATE JUDGE
</pre>

DATED: December 22, 2005

## CERTIFICATE OF SERVICE

I hereby certify on December 22, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 22, 2005. **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217
