UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA MAYFIELD,

                Plaintiff,

                              CIVIL CASE NO. 05-40158

v.

COMMISSIONER OF SOCIAL SECURITY,    HONORABLE PAUL V. GADOLA
                                                   U.S. DISTRICT COURT
                Defendant.
_____/

**<u>ORDER SUSTAINING OBJECTIONS TO THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Before this Court are Plaintiff's motion for summary judgment filed on September 6, 2005, Defendant's motion for summary judgment filed on November 3, 2005, and Magistrate Judge Donald A. Scheer's Report and Recommendation issued on December 22, 2006. The Magistrate Judge served the Report and Recommendation on the parties and notified the parties that any objections must be filed within ten days of service. The Magistrate Judge recommended that Plaintiff's motion be granted and that Defendant's motion be denied. Defendant timely filed objections to the Report and Recommendation. For the reasons stated below, the Court sustains Defendant's objections and declines to adopt the Magistrate Judge's Report and Recommendation, thereby granting Defendant's motion for summary judgment and denying Plaintiff's motion for summary judgment.

      **I.      Background**

Plaintiff filed an application for Social Security disability insurance benefits on March 28, 2001, alleging that she had become disabled on June 12, 1999, and therefore unable to work due to

extreme back and neck pain as well as extreme anxiety caused by post-traumatic stress syndrome. Plaintiff thereafter amended her application and requested a closed period of disability from June 1999 through February 2004, which is the date she returned to work. After the Social Security Administration denied benefits to Plaintiff, a hearing was held on July 20, 2004 before the Administrative Law Judge ("ALJ"). The ALJ issued a decision denying Plaintiff's claim, finding that Plaintiff retained the residual functional capacity to perform a restricted range of sedentary work between June 1999 and February 2004. The Appeals Council declined to review the ALJ decision, thereby making the decision by the ALJ denying disability benefits the final decision of the Social Security Commissioner. Plaintiff appealed the ALJ decision to this Court pursuant to 42 U.S.C. § 405(g). After the parties filed cross-motions for summary judgment and the Magistrate Judge recommended to reverse the ALJ decision, Defendant filed objections to the Magistrate Judge's Report and Recommendation.

    Plaintiff claims she became disabled in June 1999 as a result of a motor vehicle accident. She claims she suffered from severe back, neck, and leg pain which completely disabled her from working during the relevant period, from June 1999 to February 2004. Prior to the accident, Plaintiff had previously been employed as a school aide, fast food worker, customer service representative, and automobile assembly person, and she had earned the equivalent of a high school education. During the relevant period, Plaintiff claims she was unable to lift more than five pounds, or sit or stand longer than fifteen minutes at a time. Plaintiff claims she also suffered from recurrent syncope, body tremors, depression, anxiety, flashbacks, and nightmares. However, Plaintiff remained able to perform light household chores, to prepare breakfast meals, and to function

normally with her husband and daughter.

Plaintiff underwent a series of MRI exams and other medical tests to determine the source of her ailments, but the tests produced unremarkable results. An August 27, 1999 MRI of Plaintiff's lumbar spine revealed only a "small" disk protrusion without spinal stenosis or neural foraminal narrowing; the same test on August 24, 2001 revealed only a "tiny" bulge. An August 27, 1999 MRI of Plaintiff's cervical spine revealed only a "minimal" disk bulging. Although Plaintiff complained of episodes of dizziness, blacking-out, and tremors, September 4, 1999 and January 3, 2001 MRIs of Plaintiff's brain both revealed unremarkable results. Plaintiff also complained of radiating pain and numbness in her arms and legs; a July 9, 1999 electromyogram and nerve conduction studies, however, revealed no objective evidence supporting Plaintiff's claim. Plaintiff's objective medical testing continued to produce unremarkable results.

In support of Plaintiff's disability claims are the diagnoses of some physicians finding that Plaintiff was in fact completely disabled. On April 25, 2001, Plaintiff's long-time treating physician, Dr. James Beale, diagnosed her as being completely disabled due to chronic back pain. He restricted her to no prolonged standing, sitting, and/or walking; to no constant or repetitive reaching above shoulder level, nor bending, twisting, stooping or stair climbing; and to lifting no more than ten pounds. Dr. Beale's medical opinion was that Plaintiff was "totally and permanently disabled from any and all vocational and advocational activities." In August 1999, psychiatrist Dr. Ahmad Kafi opined that Plaintiff was totally disabled due to severe anxiety attacks and post-traumatic stress disorder. Also, psychiatrist Dr. Mandhu Mendiratta treated Plaintiff for this post-traumatic stress disorder between March 2001 and August 2002.

There are, however, medical diagnoses in opposition to Plaintiff's disability claims. A May 31, 2001 examination of Plaintiff by Dr. L. Daitt, a state agency reviewing physician, revealed medical results contrary to Dr. Beale's opinion. Dr. Daitt opined that Plaintiff could frequently carry/lift ten pounds and occasionally carry/lift twenty pounds; that Plaintiff could stand, walk, and/or sit for a total of six hours in an eight hour work day; and that Plaintiff could occasionally climb, balance, stoop, kneel, crouch, and/or crawl. Dr. Daitt confirmed that Plaintiff had a bulging disc, a decreased range of motion, muscle spasms, and that she complained of headaches, radiating neck and back pain, and numbness. Dr. Daitt concluded, however, that Plaintiff's complaints were only partially credible due to inconsistencies between her allegations and the rest of her medical record. Dr. Daitt also was unable to give Dr. Beale's opinion controlling weight because it showed inconsistencies with the medical findings. After a June 26, 2001 psychiatric exam, another doctor, Dr. F. Qudir, diagnosed Plaintiff with only mild to moderate symptoms of post-traumatic stress disorder, and stated that she showed no other signs of mental illness.

During a hearing before the ALJ, vocational expert Asa Brown, relying on Dr. Daitt's diagnosis, testified that there were approximately 15,000 unskilled sedentary jobs Plaintiff could have performed between June 1999 and February 2004. However, the vocational expert testified that if Plaintiff's testimony was admitted as true and if Dr. Beale's medical assessment was controlling, there were no jobs which Plaintiff could have performed during the relevant period. The ALJ found that Plaintiff did suffer from various impairments, but that she never had an impairment or combination of impairments severe enough to meet or equal the listing of impairments. The ALJ then found that Plaintiff retained the residual functional capacity to perform the available sedentary

jobs enumerated by the vocational expert. The ALJ rejected Dr. Beale's opinion that Plaintiff was totally disabled because it was contrary to Dr. Daitt's evaluation, Dr. Qudir's evaluation, and Plaintiff's everyday activity at home.

In his Report and Recommendation, the Magistrate Judge believed that the combined effect of Plaintiff's impairments effectively and significantly limited her ability to perform basic work activities during the relevant period. The Magistrate Judge gave more weight to the opinion of Dr. Beale than to the assessment by Dr. Daitt because Dr. Beale was Plaintiff's treating physician. The Magistrate Judge also gave Dr. Kafi's opinion deference over Dr. Qudir's. The Magistrate Judge considered the vocational expert's opinion that Plaintiff could not work if she needed to lie down for prolonged periods during the day, as Dr. Beale recommended. Because Dr. Beale's opinion was given controlling weight by the Magistrate Judge, the Magistrate Judge concluded that Plaintiff was totally disabled from substantial gainful activity during the relevant period and recommended that Plaintiff's motion for summary judgment be granted.

## II.    Standard of Review

The Court's standard of review for a Magistrate Judge's Report and Recommendation depends upon whether a party files objections. If a party does not object to the Report and Recommendation, the Court does not need to conduct a review by any standard. *See Lardie v. Birkett,* 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (Gadola, J.). If a party does object to portions of the Report and Recommendation, the Court reviews those portions *de novo. Lardie,* 221 F. Supp. 2d at 807. The Federal Rules of Civil Procedure dictate this standard of review in Rule 72(b), which states, in relevant part:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, or any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). Here, because Defendant filed objections, this Court reviews *de novo* those portions to which an objection has been made. *See Lardie,* 221 F. Supp. 2d. at 807.

*De novo* review in these circumstances requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir. 1981). The Court may supplement the record by entertaining additional evidence, but is not required to do so. 12 Wright, Federal Practice § 3070.2. After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie,* 221 F. Supp. 2d at 807. If the Court accepts a Report and Recommendation, the Court is not required to state with specificity what it reviewed; it is sufficient for the Court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation. *See id.*; 12 Wright, Federal Practice § 3070.2. Because Defendant has filed objections to the Magistrate Judge's Report and Recommendation, this Court will review the record *de novo.*

### III.     Analysis

Because the Appeals Council declined to grant Plaintiff's request for appeal, the decision made by the ALJ became the final decision of the Social Security Commissioner. *See Casey v. Sec'y*

*of Health & Human Servs.*, 987 F.2d 1230, 1232 (6th Cir. 1993). A final decision of the Commissioner may be appealed to a district court pursuant to 42 U.S.C. § 405(g). This final decision must be affirmed by a district court if the Commissioner applied the correct legal standards and if the findings of fact are supported by substantial evidence. *Longworth v.Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence exists when a 'reasonable mind might accept' the relevant evidence 'as adequate to support a conclusion.'" *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (quoting *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)). Moreover, "[i]f substantial evidence supports the Commissioner's decision, this Court will defer to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Longworth*, 402 F.3d at 595 (quoting *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir. 1997)).

Defendant objects to the Magistrate Judge's acceptance of Dr. Beale's opinion as controlling. Defendant claims that the following objective medical evidence contradicts Dr. Beale's opinion: several unremarkable MRI results of Plaintiff's back, two unremarkable MRI's of Plaintiff's brain, and unremarkable results from electromyographic and nerve conduction studies. Defendant also argues that Dr. Daitt's opposing evaluation of Plaintiff should be afforded greater weight than Dr. Beale's because Dr. Daitt's assessment is more consistent with the above objective medical evidence. Defendant claims that Dr. Kafi's opinion should not be afforded controlling weight because it was not a complete evaluation of Plaintiff's residual functional capacity during the

7

relevant period of alleged disability. In addition, Defendant argues that after the relevant period of alleged disability, Plaintiff returned to perform two jobs without any medical evidence showing an improvement in Plaintiff's physical condition.

After reviewing the entire administrative record in this case, the Court finds that there is substantial evidence to support the ALJ's ruling. Although Plaintiff complained of pain and recurring symptoms of post-traumatic stress disorder, the MRI exams and other medical tests provided little objective medical evidence of her alleged disability. The medical opinions of Dr. Daitt and Dr. Qudir support the findings reached by the above medical tests. Furthermore, during the alleged period of disability, Plaintiff was able to carry on daily activities at home, such as light household chores, preparation of breakfast meals, taking care of her personal needs, reading, and driving to and from medical appointments. The vocational expert opined that approximately 15,000 unskilled sedentary jobs exist in the Detroit metropolitan area for a person with Plaintiff's symptoms, as evaluated by Dr. Daitt.

Although the opinions of Dr. Beale, Dr. Kafi, and Dr. Mendiratta support Plaintiff's claim for complete disability, the objective medical evidence tends to support the contrasting opinions of Dr. Daitt and Dr. Qudir. The 1999 and 2001 lumbar MRIs of Plaintiff's spine show only a minimal disk protrusion without spinal stenosis or neural foraminal narrowing, while the remainder of the results proved unremarkable. "[T]he Secretary is not bound by the treating physician's opinions, and . . . such opinions receive great weight only if they are supported by sufficient clinical findings." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see also* 20 C.F.R. § 404.1527(d)(2) ("A treating physician's medical opinion can receive controlling weight only if it is well-supported by

. . . clinical and laboratory diagnostic techniques."). Accordingly, the ALJ was not required to give controlling weight to the opinion of Dr. Beale, Plaintiff's treating physician.

Although these Dr. Beale, Dr. Kafi, and Dr. Mendiratta opined that Plaintiff was completely disabled, there remains substantial evidence to the contrary. *See Longworth*, 402 F.3d at 595 (quoting *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir. 1997)) ("If substantial evidence supports the Commissioner's decision, this Court will defer to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"). In light of the consistency of Dr. Daitt's conclusions with Plaintiff's daily activities during the period of alleged disability and the objective medical evidence, the ALJ properly accepted this physician's conclusions as evidence. Based on the objective medical tests, Dr. Daitt's assessment of Plaintiff's condition, and the testimony of the vocational expert, there is substantial evidence to support the ALJ decision. This Court cannot substitute its own conclusion for that of the Commissioner if there is substantial evidence to support the latter conclusion. Since there is substantial evidence to support the Commissioner's decision, the Court will defer to the finding that Plaintiff is not entitled to disability benefits.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's objections [docket entry 16] are **SUSTAINED**.

**IT IS FURTHER ORDERED** that this Court declines to adopt the Report and Recommendation [docket entry 15].

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment [docket entry 9] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for summary judgment [docket entry 14] is **GRANTED**.

**SO ORDERED.**

Dated:  September 14, 2006                                    s/Paul V. Gadola
                                                              HONORABLE PAUL V. GADOLA
                                                              UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   September 14, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
           James A. Brunson; Barry F. Keller; Ann Marie Pervan                , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                          .


                                                              s/Ruth A. Brissaud
                                                              Ruth A. Brissaud, Case Manager
                                                              (810) 341-7845